UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-1998 PA (DTBx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Angel Francisco Alfaro v. State Farm Mut. Auto. Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| R. Neal for Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Complaint filed by plaintiff Angel Francisco Alfaro ("Plaintiff") on September 25, 2014. Plaintiff asserts that this Court has jurisdiction over his action against State Farm Mutual Automobile Insurance Company ("Defendant") based on the Court's diversity jurisdiction.

As a preliminary matter, although Plaintiff apparently plans to move to certify a class, he makes no attempt in the Complaint to establish jurisdiction under the Class Action Fairness Act. (Complaint ¶ 2.) For example, the Complaint does not include any allegations regarding the citizenship of other members of the putative class or suggesting that the amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d)(2).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). To invoke this Court's diversity jurisdiction, Plaintiff must allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Complaint alleges that "Plaintiff is an individual who at all relevant times herein alleged, has resided in the City of Ontario in the State of California." (Complaint ¶ 4.) The Complaint does not refer to Plaintiff's citizenship or place of domicile. Because an individual is not necessarily domiciled where he or she resides, Plaintiff has not alleged that he is a citizen of California. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-1998 PA (DTBx) | Date | November 4, 2014 |
|---|---|---|---|
| Title | Angel Francisco Alfaro v. State Farm Mut. Auto. Ins. Co. | | |

to allege affirmatively the actual citizenship of the relevant parties." Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963).

    Moreover, although Plaintiff asserts that "the amount in controversy exceeds $75,000" (Complaint ¶ 2), the Complaint's factual allegations suggest that the amount in controversy falls well short of $75,000. "[A] formal allegation [that the amount in controversy requirement is satisfied] is sufficient, unless the bill contains others which qualify or detract from it in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint, in which case the suit should be dismissed by the court sua sponte or upon the defendant's motion." KVOS, Inc. v. Associated Press, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936). Here, Plaintiff's claims arise from a transaction in which he received $4,380.00 from Defendant and his attorney subsequently reimbursed $2,920.00 to Defendant. (Complaint ¶¶ 10-11.) Based on the alleged facts, Plaintiff cannot satisfy the amount in controversy requirement unless punitive damages exceed Plaintiff's alleged general and special damages many times over.

    For the reasons stated above, Plaintiff's Complaint does not allege facts sufficient to establish this Court's diversity jurisdiction. The Court therefore dismisses the Complaint without prejudice for lack of subject matter jurisdiction.

    IT IS SO ORDERED.